**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HENRY FREEMAN,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:06-cr-0080 |

**ORDER**

**BEFORE THE COURT** is the November 21, 2017 limited remand from the Third Circuit in this matter. (ECF No. 1540.)

On October 1, 2007, Freeman was found guilty of conspiracy to possess cocaine with intent to distribute. Thereafter, on April 15, 2009, the sentencing judge sentenced Freeman to a term of imprisonment of 188 months to be followed by a term of supervised release of three years.

On February 12, 2015, Freeman filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines, which reduced the base offense level by 2 for many drug offenses. (ECF No. 1459.) Thereafter, on November 3, 2015, the Court (Gomez, J.)[1] entered an order denying Freeman's motion for a sentence reduction. (ECF No. 1471.)

On April 4, 2016, Freeman filed a notice of appeal directed at the Court's November 3, 2015 Order. On the same day, he also filed a "notice of delayed filing of notice of appeal." In that filing, Freeman indicates that he did not receive notice of the Court's November 3, 2015, order until March 21, 2016.

On November 21, 2017, the Court of Appeals for the Third Circuit issued an order that remanded the appeal to this Court for two limited purposes. (ECF No. 1540.) The Third Circuit explained that it "lacks a sufficient factual basis to conclusively determine whether the time for filing an appeal is subject to tolling, and in turn, whether [it has] jurisdiction over

---

[1] This case was assigned to the undersigned judicial officer on May 13, 2020. (ECF No. 1555.)

*United States v. Freeman*
Case No. 3:06-cr-0080
Order
Page 2 of 2

this appeal." *Id.* at 1. As such, one of the limited purposes for which the Third Circuit remanded to this Court was "to permit the District Court to conduct fact-finding pertinent to [the Third Circuit's] exercise of jurisdiction." *Id.* at 2.

To conduct this fact-finding, the Court finds it necessary to inquire of the Clerk of Court as to whether the Clerk's Office served Freeman with the November 3, 2015 Order.

The premises considered, it is hereby

**ORDERED** that, by no later than November 10, 2020, the Clerk of Court shall file a response to this order addressing two inquiries: (1) whether the Clerk's Office served Defendant Freeman with the November 3, 2015 Order; and (2) whether, in 2015, the docket would ordinarily reflect that a *pro se* incarcerated defendant was served with a copy of an order in a criminal case.


**Dated:** November 5, 2020                             */s/ Robert A. Molloy*
                                                                              **ROBERT A. MOLLOY**
                                                                              **District Judge**