**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:06-cr-0080 |
| | ) |
| **HENRY FREEMAN,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is the November 21, 2017 limited remand from the Third Circuit in this matter. (ECF No. 1540.) The Court issues this Order to address the issues on remand.

## I.  FACTUAL AND PROCEDURAL HISTORY

On October 1, 2007, Freeman was found guilty of conspiracy to possess cocaine with intent to distribute. Thereafter, on April 15, 2009, having considered the total offense level of 38 and guideline range of 235 to 293 months, the sentencing judge sentenced Freeman to a term of imprisonment of 188 months to be followed by a term of supervised release of three years.[1]

On February 12, 2015, Freeman filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines, which reduced the base offense level by 2 for many drug offenses. (ECF No. 1459.) In his motion, Freeman incorrectly asserted that his offense level at sentencing was 36. As such, Freeman argued that he was entitled to a reduction to a total offense level of 34 under Amendment 782, resulting in an advisory guideline range of 151 to 188 months.

---

[1] *See* Sentence Hr'g Tr., April 15, 2009, at 36:12-21, ECF No. 903 ("THE COURT: All right. Having considered the advisory guideline range of 235 to 293 months, which is based on an offense level of 38, as we've just amended, rather than 39 as initially reflected in the Presentence Report, and a criminal history category of 1, as well as the sentencing factors enumerated at Title 18, Section 3553, and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Henry Freeman, be committed to the custody of the Bureau of Prisons for a term of 188 months.").

On February 20, 2015, the United States filed a response to Freeman's motion. (ECF No. 1465.) In its response, the United States also incorrectly asserted Freeman's total offense level at sentencing was 36. *Id.* at 1. Based on this faulty assertion, the United States conceded that Freeman was entitled to a reduction to a total offense level of 34 under Amendment 782, resulting in an advisory guideline range of 151 to 188 months. *Id.* at 2.

On November 3, 2015, the Court (Gomez, J.)[2] entered an order denying Freeman's motion for a sentence reduction. (ECF No. 1471.) First, the Court explained that, at sentencing, "Freeman's offense level was determined to be 38 [for which] [t]he relevant sentencing guidelines recommended a sentencing range of 235 to 293 months." *Id.* at 2. Further, the Court found that applying Amendment 782 resulted in an amended offense level of 36 for which the advisory guideline range is 188 to 235 months. *Id.* at 3. As such, the Court found that Freeman was not entitled to a sentence reduction because: (1) Section 1B1.10(b)(2)(A) of the United States Sentencing Guidelines provides that a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," U.S.S.G. 1B1.10(b)(2)(A), and (2) Freeman was sentenced to a term of imprisonment of 188 months, the minimum of the amended guideline range. *Id.* at 2-3.

On April 4, 2016, Freeman filed a notice of appeal directed at the Court's November 3, 2015 Order. On the same day, he also filed a "notice of delayed filing of notice of appeal." (ECF 1480.) In that filing, Freeman indicates that he did not receive notice of the Court's November 3, 2015 Order until March 21, 2016. *See id.* at 1.

On October 3, 2016, while his appeal was pending, Freeman filed a second motion seeking a sentence reduction pursuant 18 U.S.C. § 3582(c)(2) based on Amendment 782. (ECF No. 1484.)

Thereafter, on October 18, 2016, the United States filed an opposition to Freeman's second motion. (ECF No. 1486.) In its opposition, the United States explains that, in its February 20, 2015 response to Freeman's first motion, it "incorrectly agreed that Freeman had an offense level of 36 and should be reduced to an offense level of 34." *Id.* at 3. The United

---

[2] This case was assigned to the undersigned judicial officer on May 13, 2020. (ECF No. 1555.)

States proceeds to oppose Freeman's second motion for the reasons set forth in the Court's November 3, 2015 Order.

On November 21, 2017, the Court of Appeals for the Third Circuit issued an order that remanded the appeal to this Court for two limited purposes. (ECF No. 1540.) The Third Circuit explained that it "lacks a sufficient factual basis to conclusively determine whether the time for filing an appeal is subject to tolling, and in turn, whether [it has] jurisdiction over this appeal." *Id.* at 1. As such, the Third Circuit remanded to this Court "(1) to permit the District Court to conduct fact-finding pertinent to our exercise of jurisdiction . . .; and (2) to rule upon Freeman's pending § 3582 motion and the Government's opposition thereto."

On June 28, 2018, Freeman filed a third motion for a sentence reduction asserting the same arguments made in his first and second motions. (ECF No. 1549.) Freeman's second and third motions for a sentence reduction remain pending.

## II.    DISCUSSION

In order to address the Third Circuit's first instruction, the Court issued an order on November 5, 2020, directing the Clerk of Court to address the following two inquiries: "(1) whether the Clerk's Office served Defendant Freeman with the November 3, 2015 Order; and (2) whether, in 2015, the docket would ordinarily reflect that a *pro se* incarcerated defendant was served with a copy of an order in a criminal case." *See* Order, November 5, 2020, at 2, ECF No. 1556.

On November 10, 2020, the Clerk of Court filed a response to the Court's November 5, 2020 Order. In her response, the Clerk of Court indicated that

> [t]he [November 3, 2015] order was served electronically by the Court's Electronic Filing System on Attorney Dale Smith, Defendant Freeman's counsel in the underlying criminal matter;
>
> [i]n 2015, it was the Court's practice in matters before the Honorable Curtis V. Gomez, to deliver all orders issued by the Court to *pro se* parties, including incarcerated defendants, by certified mail, with a copy of the mailing and the return receipt filed on the docket; and
>
> [t]here are no entries on the docket that indicate that Defendant Freeman was personally served by mail with the Court's order of November 3, 2015.

*See* Response to Court's Order, November 10, 2020, at 1-2, ECF No. 1557. Given these facts, the Clerk of Court concluded that "while it was the Court's practice to serve a *pro se*

incarcerated defendant with a copy of the order in this criminal matter, the record reflects that the Clerk's Office did not serve a copy of the [November 3, 2015] order on Defendant Freeman." *Id.* at 2.

The Court finds that the facts presented by the Clerk of Court are accurate. Indeed, in Case No. 3:14-mc-0012 on September 24, 2014, the Honorable Curtis V. Gomez issued a general order that addressed the procedure to be followed for service on *pro se* parties in any action pending before Judge Gomez. *See* General Order, September 24, 2014, Case No. 3:14-mc-00012, ECF No. 1. That Order, for *pro se* parties who are not registered as a Filing User in the Court's Electronic Filing System, requires the Clerk of Court to: (1) deliver all orders issued by the Court to the *pro se* party by certified mail with return receipt; (2) file a copy of the certificate of mailing on the docket upon mailing; and (3) file a copy of the returned receipt on the docket upon receipt of the return indicating the *pro se* party's receipt of delivery. *Id.* at 2. Significantly this general order, and the service procedures it mandated, would have been in effect when the Court issued the November 3, 2015 Order in this matter. As such, the Court finds that the record reflects that the Clerk's Office did not serve Freeman with a copy of the November 3, 2015 Order in this matter.

Moreover, in his April 4, 2016 filing, Freeman states that he did not receive a copy of the November 3, 2015 Order until March 21, 2016, when it was presented to him by his Unit Case Manager at FCI Allenwood. *See* ECF No. 1480 (stating that the November 3, 2015 Order "was never received by Defendant . . . and he is unaware of any action taken by the court before the date he received the attached copy of the [November 3, 2015] order [on] March 21, 2016" by his Unit Case Manager). Freeman's statement is consistent with the Clerk of Court's statements that the November 3, 2015 Order was not mailed to Freeman at the penal institution in which he was incarcerated. Accordingly, the Court has no basis other than to find that Freeman did not become aware of the Court's November 3, 2015 Order until March 21, 2016.

Although the circumstances presented here are regrettable and reflect an oversight by the Clerk's Office, even were this Court to construe Freeman's April 4, 2016 "notice of delayed filing of notice of appeal" as a motion for an extension of time to file an appeal

pursuant to Fed. R. App. P. 4(b)(4), the maximum extension of time this Court could have granted for good cause would have been 30 days from the deadline by which Freeman was otherwise required to file an appeal. Under Fed. R. App. P. 4(b)(1)(A)(i), a defendant in a criminal case has 14 days from the entry of judgment to file a notice of appeal. For purposes of this rule, a judgment is entered "when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6). As stated above, the Court entered the Judgment on the criminal docket on November 3, 2015. As such, at most, the Court could have granted Freeman an extension of time to file his appeal to December 17, 2015.

With respect to the Third Circuit's second instruction, the Court finds no reason to reconsider its November 3, 2015 finding that Freeman is ineligible for a sentence reduction. At the April 15, 2009 sentencing hearing, the sentencing judge found that the total offense level that applied to Freeman was 38.[3] As such, the advisory guideline range was 235 to 293 months. Pursuant to Amendment 782, Freeman's amended offense level would be 36 resulting in an amended guideline range of 188 to 235 months. Significantly, section 1B1.10(b)(2)(A) of the United States Sentencing Guidelines provides that a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. 1B1.10(b)(2)(A). Here, the amended guideline range minimum is 188 months. Freeman was sentenced to 188 months. As such, Freeman is ineligible for a sentence reduction pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). For the reason stated above, the Court will also deny Freeman's Renewed Motion to Reduce Sentence filed on June 28, 2018. (ECF No. 1549.)

The premises considered, it is hereby

**ORDERED** that Freeman's second motion seeking a sentence reduction pursuant 18 U.S.C. § 3582(c)(2), ECF No. 1484, is **DENIED**; it is further

**ORDERED** that Freeman's Renewed Motion to Reduce Sentence, ECF No. 1549, is **DENIED**; and it is further

---

[3] *See supra* note 1.

*United States v. Freeman*
Case No. 3:06-cr-0080
Order
Page 6 of 6

**ORDERED** that a copy of this Order shall be served on Defendant Henry Freeman by certified mail return receipt requested and that a copy of the return receipt shall be filed on the docket.

**Dated:** November 12, 2020                    /s/ *Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **District Judge**